UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 17-171 (SRC) |
| v. : |  |
| JOSE MARTINEZ : | OPINION |

**CHESLER**, District Judge

Presently before the Court is the second motion for a reduction of sentence, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), filed by Defendant Jose Martinez pro se on June 1, 2021. Defendant moves for relief based on the contention that he is at risk for serious illness should he contract Covid-19, pointing to his underlying medical conditions and the management of the pandemic at FCI Schuylkill, the facility where he is housed. The United States of America (the "Government") has opposed the motion. For the reasons that follow, Defendant's motion will be denied.

On May 11, 2017, Defendant pled guilty to a two-count Information for violations of 21 U.S.C. §§ 841 and 846. The charges were the result of an investigation by the Drug Enforcement Authority (the "DEA") that led to a search of Defendant's residence and subsequent identification of nearly a kilogram of cocaine and over 650 grams of heroin. (Presentence Investigation Report ("PSR") ¶ 5, 21.) Defendant also admitted to the DEA that he flushed narcotics down the toilet when he noticed the presence of law enforcement prior to the search. (PSR ¶ 14.) On September 6, 2017, the Court sentenced Defendant to 135 months' imprisonment, followed by five years of supervised release. Defendant is currently incarcerated at FCI Schuylkill.

In his June 1 letter, Defendant seeks compassionate release on the grounds that he is at high risk for severe illness or death from Covid-19 due to various medical conditions, including obesity, latent tuberculosis, chronic hypertension, and pre-diabetes. The Court is empowered to reduce the term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the Bureau of Prisons ("BOP") or by the defendant himself after the defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); <u>United States v. Raia</u>, 954 F.3d 594, 595 (3d Cir. 2020). Under the statute, a court may reduce the defendant's sentence if the Court finds the following: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission;" and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate that reducing the defendant's sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement, set forth in the Sentencing Guidelines § 1B1.13, includes an application note concerning medical conditions that may qualify as "extraordinary and compelling reasons." The note recognizes that compassionate release is appropriate when the inmate suffers from a terminal illness, such as "metastatic solid-tumor cancer," as well as in situations in which the inmate is "suffering from a serious physical or medication condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(a)(i) and (ii).

Here, Defendant has failed to establish extraordinary and compelling reasons justifying his release. Of the various ailments and conditions he claims to have, only two of those—obesity and

drug addiction[1]—are CDC-recognized risk factors for contracting a severe form of COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 25, 2021). However, Defendant's body mass index ("BMI") of 26.9 leaves him overweight, not obese.[2] While being mildly overweight may leave someone at a higher risk for contracting a severe form of Covid-19, it does not constitute the "extraordinary and compelling" circumstances required to grant Defendant the relief he seeks. See, e.g., United States v. Tiller, Crim. No. 14-699-06 (D.N.J. Sept. 28, 2020) (denying defendant's motion for compassionate release despite the defendant being obese with a BMI of 36.1 and high blood pressure). And although substance abuse can increase the likelihood that Defendant could become severely ill from Covid-19, he has not demonstrated that it has had a substantially deleterious effect on his health. See, e.g., United States v. Hight, 488 F. Supp. 3d 184, 192 (E.D. Pa. 2020) (individual suffering from anxiety, post-traumatic stress disorder, and substance abuse did not establish extraordinary and compelling circumstances for release). Indeed, Defendant's conclusory suggestion that his immune response is "reduc[ed]" is insufficient to demonstrate that he is at an elevated risk from Covid-19.

In addition to these two CDC-recognized risk factors, Defendant asserts that he suffers from several other medical conditions that enhance his risk from Covid-19. These do not suffice to demonstrate extraordinary and compelling circumstances:

---

[1] The Government incorrectly asserts that the CDC does not list a history of drug addiction as a comorbidity factor. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/other-at-risk-populations/people-who-use-drugs/QA.html.

[2] Defendant claims that BOP's measurements exaggerate his height by two inches, thus skewing his BMI lower. Even if the Court accepted Defendant's account over that of his medical records, the math does not add up the way Defendant suggests: A 57" tall individual weighing 184 pounds (Def't Ex. 3) has a BMI of 28.8 and is thus below the threshold for obesity.

*Latent Tuberculosis*.  The CDC does not associate latent tuberculosis with a greater risk of contracting or suffering complications from COVID-19.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/peoplewith-medical-conditions.html (last visited June 15, 2021).  In any event, there is no indication that he is suffering from any respiratory complications or that his latent tuberculosis is not well-controlled.

*Hypertension*.  Hypertension has not been identified as a comorbidity with Covid-19 which presents a high-risk of serious illness, nor does Defendant contend that it is uncontrolled in a manner that presents an elevated risk of contracting the disease or causing him serious injury.  Cf. United States v. Falci, Crim. No. 17-228, 2020 WL 3410914, at *1, *4 (D.N.J. June 22, 2020) (denying motion for compassionate release where defendant was 60 years old and suffered from obesity, hypertension, and other health issues); United States v. Alexander, Crim. No. 19-32, 2020 WL 2507778, at *4 (D.N.J. May 15, 2020) (denying compassionate release where defendant suffered from hypertension and obesity but medical records showed that Bureau of Prisons was "adequately managing [his] medical care").

*Pre-Diabetes.* Pre-diabetes is not a CDC-recognized comorbidity factor.  See United States v. Snell, No. 2020 WL 4053823, at *2 (D. Md. July 20, 2020) (denying defendant's motion for compassionate release, noting that prediabetes does not increase vulnerability to COVID-19).  Furthermore, Defendant does not contend that it is uncontrolled in a manner that would put him at a particularly high risk from Covid-19.

Considering Defendant's medical conditions collectively, he is unable to demonstrate the "extraordinary and compelling" circumstances to support his requested relief.  Perhaps most decisively, however, Defendant now has received two doses of the Pfizer-BioNTech vaccine (Gov't Ex. A at 190), which was approved by the FDA for emergency use based on its conclusion that the vaccine was 95.0% effective in preventing COVID-19 infection. See FDA Decision Memorandum, Pfizer-BioNTech - Dec. 11, 2020, https://www.fda.gov/media/144416/download. Pfizer further found that the vaccine was 100% effective against severe disease, as defined by the CDC.  https://www.businesswire.com/news/home/20210401005365/en/.  Given the efficacious nature of the Pfizer vaccine and others, Defendant has the towering task of demonstrating both that he is particularly susceptible to Covid-19 and that an infection would result in a "serious physical

or medication condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(a)(i) and (ii). He has not done so.

In light of the foregoing, the Court concludes that Defendant has failed to demonstrate extraordinary and compelling reasons warranting his release pursuant to Section 3582(c)(1)(A).[3] For these reasons, Defendant's motion will be denied. The Court will file an appropriate Order.

        s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: June 28, 2021

---

[3] Because Defendant has failed to demonstrate "extraordinary and compelling" circumstances, the Court need not discuss the Section 3553(a) factors as they pertain to him. The Court will note, however, that Defendant's current term of incarceration—at 135 months—is considerably less than the advisory guidelines range that was applicable to him at sentencing as a career offender. In rendering its sentence, the Court went to great lengths in construing the Section 3553(a) factors in Defendant's favor. The Court accordingly expresses its skepticism that the Section 3553(a) factors can be stretched further to permit a reduction of Defendant's sentence absent truly exceptional circumstances.