**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **Criminal Action No. 17-00171 (SRC)** |
| | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| JOSE D. MARTINEZ, | : | |
| Defendant. | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion for early termination of supervised release by Defendant Jose Martinez ("Defendant" or "Martinez"). For the reasons stated below, Martinez's motion will be denied.

On May 11, 2017, Martinez pled guilty to a two-count Information charging him with knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846, and knowingly and intentionally possessing with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Dkt. No. 18, 21). The charges were the result of an investigation by the Drug Enforcement Administration ("DEA") that led to a search of Defendant's residence and subsequent identification of nearly a kilogram of cocaine and over 650 grams of heroin. (Presentence Investigation Report ("PSR") ¶

5-21).  Defendant also admitted to the DEA that he flushed narcotics down the toilet when he noticed the presence of law enforcement prior to the search. (PSR ¶ 14).

This Court sentenced Martinez to a term of 135 months' imprisonment to be followed by a five-year term of supervised release.  (Dkt. No. 24).  Martinez's term of supervised release commenced on or about December 20, 2024 and is set to expire on December 20, 2029.  Martinez was granted clemency by President Biden, but that order, "le[ft] intact and in effect . . . the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence."  (Dkt. No. 31).

Martinez filed the instant motion for early termination of his term of supervised release, pursuant to 18 U.S.C. § 3583(e), on February 19, 2026.  (Dkt. No. 35, the "Motion").  Martinez argues that his good conduct while on supervised release and his desire to expand his work opportunities and travel internationally to visit friends and family militate for early termination. The Government opposes Martinez's motion.  (Dkt. No. 36, the "Opposition").  Martinez filed a brief in reply.  (Dkt. No. 37, the "Reply").

In considering a motion for early termination of supervised release, the relevant statutory provision, 18 U.S.C. § 3583(e), states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The Court may only provide relief if, after considering these factors, "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United

2

States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).  The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id.   Though a showing of new or unforeseen circumstances is not strictly required, "[g]enerally, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotations and modifications omitted).   The defendant has the burden of proving that early termination is warranted.   United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).[1]

Upon considering the factors stated in 18 U.S.C. § 3553(a), this Court concludes that early termination of supervised release is not warranted by Martinez's conduct and is not in the interest of justice.  Martinez notes in his application that he was a "model inmate" while incarcerated and since beginning supervision has complied with the terms of his supervised release.  Martinez further states that he is currently self-employed as an Uber driver and would be able to substantially increase his income if he were permitted to travel freely to New York to pick up and drop off Uber passengers.  Finally, Martinez argues that he would benefit from being able to travel internationally

---

[1] Martinez contends that the Government's assertion that he is ineligible for early termination is legally incorrect.  The Court agrees that the Government erred in making its assertion. Nevertheless, the Guide to Judiciary Policy, Volume 8E, § 360.20(c) states that after 18 months of supervised release, there is a presumption in favor of recommending early termination for persons who meet the following criteria: (1) the person does not meet the criteria of a career drug offender or career criminal as set forth in 28 U.S.C. § 994(h) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any reported violations over a 12 month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.  Given Martinez's status as a career criminal and the fact that he has not yet reached 18 months of supervision, this presumption is inapplicable in the case at bar.

3

without obtaining prior authorization.  While the Court commends Martinez's compliance with the rules while in prison and on supervised release and is sympathetic to his desire to travel more freely, these are not sufficient reasons to convince this Court that early termination of supervised release is appropriate in this case.

Martinez received an incredibly lenient sentence for the two drug trafficking counts to which he pled guilty, which involved the distribution of both cocaine and heroin.  At the time of sentencing – and still today – this Court believed this was the absolute minimum sentence to satisfy the considerations of 18 U.S.C. § 3553.  In considering early termination of supervised release, 18 U.S.C. § 3583(e)(1) states that the Court must consider the following factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and
>      characteristics of the defendant;
> (2) the need for the sentence imposed –
>      (B) to afford adequate deterrence to criminal conduct;
>      (C) to protect the public from further crimes of the defendant;

The 135 months' imprisonment was substantially less than the advisory guidelines range that was applicable to him at sentencing as a career offender.  Martinez's continued term of supervised release is necessary both to deter future conduct by Martinez and to protect the public from further crimes by Martinez.  Of particular note, Martinez became involved with the criminal activity at issue in this case just months after he completed a four-year term of supervised release as part of his sentence on a prior conviction.  Like here, Martinez did not violate the terms of his supervised release during the length of that sentence and yet, months later, he returned to criminal activity.

4

Martinez has also not persuaded the Court that the terms of supervised release have substantially interfered with any aspects of his life such that he requires urgent relief.  The closest Martinez comes are his arguments that he could increase his income by accepting Uber rides to New York airports and that he currently struggles to travel abroad to visit friends and family.  But neither of these rises to the level required to justify early termination.  As Martinez concedes, he has never been denied permission to travel.  Instead, being on supervised release has simply made it more difficult to travel internationally.  Similarly, Martinez does not appear to have asked the Probation Office if he may be permitted to travel to New York for the limited purpose of accepting Uber rides to and from New York.  Regardless, the mere prospect of possibly increasing his Uber income does not move this Court to terminate an already generous sentence.

In sum, Martinez has presented no evidence that a meaningful change in circumstances warrants early termination.  While the Court is not required to find such a change in circumstances, see Melvin, 978 F.3d at 53, in the absence of a dramatic change, the Court finds that a modification of Martinez's supervised release is not warranted nor in the interest of justice.   See also United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.").  For the foregoing reasons, the Motion will be denied.

*    *    *

For these reasons,

**IT IS** on this 1st day of April, 2026

5

**ORDERED** that defendant's motion for early termination of supervised release is **DENIED**.


  s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.